**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

MICHAEL A. FALANA,

     Petitioner,

v.                                    Case No.  8:26-cv-1397-JLB-AEP

SECRETARY, DEPARTMENT
OF CORRECTIONS,

     Respondent.

_____/

## ORDER OF DISMISSAL

Michael A. Falana, a Florida prisoner, filed a petition for a writ of habeas corpus (Doc. 1)[1] challenging his conviction in 2000 for organized fraud and the sentence entered in Hillsborough County, Florida.  The Court has undertaken the preliminary review mandated by Rule 4, Rules Governing Section 2254 Cases, and concludes that the petition is subject to summary dismissal.

---

1 Although Mr. Falana titles his pleading "Motion for Collateral Review," the Court liberally construes the pleading as a petition for a writ of habeas corpus under 28 U.S.C. § 2254.  *See Malvezzi v. Fla.*, 2025 WL 3703528, at *2 (11th Cir. Dec. 22, 2025) ("Because Malvezzi was proceeding *pro se*, the district court was required to liberally construe his pleadings."); *United States v. Jordan*, 915 F.2d 622, 624–25 (11th Cir. 1990) ("Federal courts have long recognized that they have an obligation to look behind the label of a motion [or petition] filed by a pro se inmate and determine whether the [document] is, in effect, cognizable under a different remedial statutory framework."); *Felker v. Turpin*, 518 U.S. 651, 662 (1996) (the proper vehicle for a state prisoner to challenge his custody under a state court judgment is a petition for a writ of habeas corpus under 28 U.S.C. § 2254).

Because the petition was filed after the enactment date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the petition is governed by the provisions thereof.  *See Wilcox v. Singletary*, 158 F.3d 1209, 1210 (11th Cir. 1998), *cert. denied*, 531 U.S. 840 (2000).  The AEDPA contains several habeas corpus amendments, one of which established a "gatekeeping" mechanism for the consideration of "second or successive habeas corpus applications" in the federal courts, *see* 28 U.S.C. § 2244(b).  *See Stewart v. Martinez-Villareal*, 523 U.S. 637, 641-42 (1998).  Section 2244(b) provides that before a second or successive application for habeas corpus relief is "filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3)(A).

Mr. Falana previously sought federal habeas relief in this Court regarding the conviction and sentence he challenges here.  *See Falana v. Secretary, Department of Corrections*, Case No. 8:14-cv-1905-CEH-E_J (M.D. Fla.) (petition dismissed as time-barred on April 27, 2015).  The instant petition, therefore, is a second or successive petition.  Mr. Falana, however, has not shown that he has received authorization from the court of appeals to file a second or successive habeas petition.  Consequently, this Court lacks jurisdiction to consider the petition.  *See Burton v. Stewart*, 549 U.S. 147, 152–57 (2007) (per curiam)

2

(holding that when a petitioner does not obtain authorization from the appropriate court of appeals to file a second or successive habeas petition in the district court as required by § 2244(b)(3), the district court lacks jurisdiction to consider the petition).

Accordingly:

1. The petition (Doc. 1) is **DISMISSED** without prejudice for lack of jurisdiction.

2. The **Clerk** must send the Eleventh Circuit's form for second or successive habeas corpus petitions under 28 U.S.C. § 2244(b) to Mr. Falana with his copy of this Order and close the case.[2]

**DONE and ORDERED in Tampa, Florida, on May 14, 2026.**

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE

---

[2] Generally, a petitioner cannot appeal an order denying relief under Section 2254 unless a certificate of appealability ("COA") issues. But a COA cannot issue here because the Court cannot entertain the second or successive petition. *See Williams v. Chatman*, 510 F.3d 1290, 1295 (11th Cir. 2007).